IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL FIELDS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-810-MJR |
| | ) | |
| CRAIG S. MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Michael Fields, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

## THE COMPLAINT

On May 29, 2007 Fields was in communications with his attorney via telephone. During the call, Fields's attorney informed him and prison counselor K. Flemmings that Fields needed to prepare certain legal paperwork by May 31, and so would need immediate access to the personal property storage area in the law library. After the phone call Fields was informed by Lieutenant Mitchell that Fields had visitors, and he could either choose to proceed with the visit or retrieve his legal documents from the law library, but he could not do both simultaneously. Because of the urgent need to process his legal paperwork, Fields elected to go to the law library instead of attending the visit.

Fields filed a grievance on June 1, 2007, claiming that he had unfairly been denied access to his visitors when he was told that he could not both retrieve legal documents and attend the visit. Fields complained that he did in fact have time to go to the law library and then go to the visit, but was not given the option. The grievance was denied by case worker Betsy Spiller on June 19, and Fields amended a reply on June 28. Fields family members who had attempted to visit him on May 29th also wrote letters to warden Donald Hulick, expressing concern with the denial of their visitation.

On July 11, little over a month after the grievance was filed, Fields was transferred from the low aggression cell unit to a high aggression cell unit, resulting in further restrictions on his prison activities. Fields had for four consistent years been housed in a low aggression cell house,

2

and was transferred after filing his grievance. Fields argues that his transfer was done in retaliation for exercising his First Amendment rights to file a grievance concerning his visitiation and that such transfer would discourage the filing of future grievances. Fields claims not only retaliation, but that the denial of the visitation violated his Fourteenth Amendment due process rights.

**DISCUSSION**

**A. First Amendment (retaliation)**

Fields claims that he was transferred to a high aggression cell house after filing his grievance, infringing on his First Amendment rights concerning free speech. If the transfer of Fields was done in retaliation for the exercise of a constitutionally protected right, then Fields has a colorable § 1983 claim against the persons personally responsible for the transfer. *See Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987)); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). The allegations of the instant complaint, however, fails to state a retaliation claim against these specific Defendants.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). In the case at hand, there is no allegation that the named Defendants were

directly and personally responsible for having Plaintiff transferred to the high aggression cell. Without more, the Court does not believe it is reasonable to infer that the named Defendants retaliated against Plaintiff just because they were the prison officials who were involved with the decision to deny his visitation or the denial of his grievances concerning visitation. Therefore, Plaintiff's retaliation claim does not survive review under § 1915A.

### B. Due Process

Fields also claims that the denial of his visitation on May 29 resulted in a violation of his due process rights. Fields argues that by giving him an ultimatum to either access the law library or take his visit, when he could have done both, prison officials revoked his right to the visit without due process.

When a plaintiff brings an action under §1983 for due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Fields has stated that he was denied access to his visitors. However, these allegations do not present a viable constitutional claim. *See, Kentucky Dept. Of Corrections v. Thompson,* 490 U.S. 454, 464-65 (1989)(exclusion of inmate visitors is at the discretion of prison officials and may not be considered a liberty interest).

Fields has no vested liberty interest in receiving visitation at the prison. Fields was given the choice between accessing legal papers or receiving his visitors because, based on Lieutenant Mitchell's opinion, he could not do both in the time he was allotted to be out of his cell. Fields made the choice to go to the law library instead of receiving the visitors, a decision that was not forced upon him but rather left up to his choosing. However, even if the visitation was denied

4

against Fields's will,his due process rights still would not have been violated because he does not have a protected liberty interest in visitation.  As such, Fields's claim for violation of his Fourteenth Amendment rights must be dismissed.

## DISPOSITION

In summary, Fields's complaint does not survive review under § 1915A.  Accordingly, the complaint is **DISMISSED**.  The dismissal of Field's retaliation claim is without prejudice.  The dismissal of Field's due process claim is with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 18th day of June, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**