# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL FIELDS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 08-cv-810-MJR |
| **CRAIG S. MITCHELL, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's combined motion to reconsider or, alternatively, to amend his complaint (Doc. 11).

On June 18, 2009, this Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and Judgment was entered accordingly. On June 25, 2009, Plaintiff filed a motion to amend his complaint (Doc. 9). On July 1, 2009, this Court - noting that Plaintiff's motion to amend his complaint was made after Judgment was entered - denied the motion (Doc. 10).

On July 13, 2009, Plaintiff filed the instant motion seeking reconsideration of the Court's Orders dismissing his complaint and denying his motion to amend. However, while this motion for reconsideration was pending before the Court, Plaintiff filed a notice of appeal (Doc. 12) with regard to both the dismissal of his complaint and the denial of his motion to amend. That appeal is currently pending before the United States Court of Appeals for the Seventh Circuit.

Plaintiff's filing of a notice of appeal (Doc. 12) has transferred jurisdiction over this matter to the Seventh Circuit. "[A] federal district court and a federal court of appeals should

not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity." *Kusay*, 62 F.3d at 193 (*citing United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985); *Zaklama v. Mt. Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice & Procedure § 3949 at 359 (1977)). Consequently, this Court is without jurisdiction to consider Plaintiff's pleadings. Accordingly, Plaintiff's motion is **DISMISSED** for lack of jurisdiction.[1]

**IT IS SO ORDERED.**

**DATED this 25th day of August, 2009.**

                                                      **s/ Michael J. Reagan**
                                                      **MICHAEL J. REAGAN**
                                                      **United States District Judge**

---

[1] *Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction: the doctrine applies only to "those aspects of the case involved in the appeal." A district court therefore may award attorneys' fees while the merits are on appeal, *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir.1980), and may consider whether to grant permanent injunctive relief while an appeal *from a preliminary injunction is pending, Chrysler Motors Corp. v. International Workers Union*, 909 F.2d 248, 250 (7th Cir. 1990). A district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990). However, Plaintiff's motion is not such an "ancillary question."